UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GRANT COMFORT,<br><br>                    Plaintiff,<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL, INC., and NB&J, LLC., a limited liability company, dba RODEWAY INN BOISE,<br><br>                    Defendants. | Case No. 1:16-cv-00219-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants' motion to strike Plaintiff's punitive damages claim, filed on July 8, 2016. (Dkt. 35.) Defendants argue the punitive damages claim is not properly before the Court pursuant to Idaho Code § 6-1604.

The motion is fully briefed. Having reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

MEMORANDUM DECISION AND ORDER  - 1

## BACKGROUND

On March 4, 2016, Plaintiff Grant Comfort filed a complaint for special, general, and punitive damages for personal injury against Defendants Choice Hotels International, Inc. and NB&J, LLC, dba Rodeway Inn Boise  in the United States District Court for the District of Montana. (Dkt. 1.) NB&J moved to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction or, in the alternative, to transfer venue pursuant to 28 U.S.C.S. 1404(a). (Dkt. 3.) The Montana District Court entered an order granting NB&J's motion to change venue, finding Idaho to be the proper venue. The matter was transferred to this Court on June 1, 2016.

The complaint alleges that, on August 13, 2015, Comfort checked in at the Rodeway Inn in Boise. Upon stepping into the bathroom to bathe, Comfort alleges he stepped on a hypodermic needle that had been lying on the floor. The next day, Comfort allegedly sought medical treatment, which involved an exam and blood test. Comfort contends that, as a condition of employment, he must undergo periodic drug and alcohol screening, and that because of the needle stick, he will be required to be continuously tested for contagious diseases in the future. In the prayer of the complaint, Plaintiff seeks an award of punitive damages.

Defendants argue Idaho law requires leave of the court to plead punitive damages. Plaintiff contends that Idaho Code § 6-1604(2) is merely a procedural requirement, and because this matter was brought in federal court, federal procedural law applies. Accordingly, Plaintiff argues the punitive damages claim is properly pled, because in a diversity case, federal procedural law controls.

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Plaintiff's argument is directly contrary to controlling Idaho law and previous cases decided by this Court. Claims for punitive damages are substantive in nature and Idaho law is controlling. *Bauer v. Metropolitan Life Ins. Co.*, No. 2:08–cv–00284–LMB, 2010 WL 2595291, at *5 (D. Idaho June 23, 2010) (citing *Strong v. Unumprovident Corp.*, 393 F.Supp.2d 1012, 1025 (D. Idaho 2005) ("The question of whether to permit a claim for punitive damages is substantive in nature and accordingly is controlled by relevant Idaho case law."); citing *Doe v. Cutter Biological*, 844 F.Supp. 602, 610 (D. Idaho 1994)); *Windsor v. Guarantee Trust Life Ins. Co.*, 684 F.Supp. 630, 633 (D. Idaho 1988) ("After careful review of the applicable authorities, the Court holds that § 6–1604(2) is substantive in nature and therefore controlling in federal court in a diversity case.").[1]

Idaho Code § 6–1604 allows the trial court to grant a motion to amend to seek punitive damages only if, "after weighing the evidence presented, the court concludes that, the moving party has established ... a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." Later, at the trial stage, an award of punitive damages is permissible only where the claimant proves, "by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted." *Id.* But first, before

---

[1] Plaintiff's arguments are not well taken. Plaintiff has not explained why Idaho law should not be followed in this case. In fact, Plaintiff failed to cite to any of the cases previously decided by this Court, and which are directly contrary to Plaintiff's argument. The Court finds Counsel's assertion that he "is not aware if this question has ever been decided by the Idaho Federal District Court" borders on both sanctionable and unethical conduct. The Court is especially troubled in this regard because local counsel appeared on behalf of Plaintiff on June 13, 2016, and the motion to strike was filed on July 8, 2016.

**MEMORANDUM DECISION AND ORDER - 3**

allowing a party to allege a claim for punitive damages, there is a statutorily mandated requirement that a hearing be held. Pointedly, "after weighing the evidence presented," has been interpreted to mean that a hearing must be held before a complaint may be amended to add a claim for punitive damages. *See Doe v. Cutter Biological*, 844 F.Supp. 602, 609 (D. Idaho 1994).

Based upon controlling Idaho authority, the motion will be granted.


## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

Defendants' Motion to Strike (Dkt. 35) is **GRANTED**. Plaintiff may bring an appropriate motion to amend his complaint to add a claim for punitive damages at a later time, subject to the requirements of Idaho Code § 6-1604.



DATED: October 19, 2016

_____

Honorable Candy W. Dale
United States Magistrate Judge